| ¡WHIPPLE, J.
This is an appeal in a possessory action instituted by plaintiff, Bartholomew Harris, against Arietta Henderson, the admin-istratrix of the Successions of Frances Taylor and Juanita Hicks (“the Successions”).[1] After a trial on the merits, the trial court rendered judgment dismissing plaintiffs suit with prejudice. For the following reasons, we vacate the trial court’s judgment and remand.
FACTS AND PROCEDURAL BACKGROUND
Harris claims that he has possessed as owner the house and surrounding yard enclosed by a fence bearing municipal address 151 Bigner Road in St. Tammany Parish. At trial on the merits, Harris testified that the property he possesses had belonged to his mother and that his mother “left it to [him].” However, he acknowledged that his mother’s succession *1203 has never been opened.[2] Additionally, plaintiff testified to various acts of possession he has performed over the years within the fenced area. In his petition, plaintiff prayed that his right of possession of the immovable property be recognized and that he be maintained in his possession. Additionally, plaintiff requested that defendant, Henderson, be ordered to assert any adverse claim of ownership to the property.
Harris filed this possessory action in response to an alleged disturbance in law. In his petition, Harris alleges that Henderson, as administratrix of the Successions of Frances Taylor and Juanita Hicks, disturbed plaintiffs possession of the residence at 151 Bigner Road by filing for recordation, on October 27, 1995, an act of cash sale in the St. Tammany Parish Clerk of Court’s Office.
Henderson executed this act of cash sale of a portion of land, which was | ^apparently an asset of one or both successions, pursuant to a consent judgment entered into by the Successions and third-parties, Karen Perks wife of/and Patrick S. Dugan, who are not heirs in the Successions. In a separate action, Karen Perks and Patrick S. Dugan filed suit against the Successions concerning the property described in the act of sale. Karen Perks, wife of/and Patrick S. Dugan v. Succession of Frances a/k/a Francis Taylor, et al, Twenty-Second Judicial District Court No. 94-12734. In resolution of this suit, Perks and Dugan and the Successions entered into a consent judgment whereby the Successions agreed to convey a portion of the Successions’ property to Perks and Dugan.
Henderson, as administratrix of the Successions, petitioned for and was granted authority by the court in the Successions proceedings to execute the act of sale in favor of Perks and Dugan. After the notice to sell had been published in accordance with LSA-C .C.P. art. 3282 and noting that no opposition to the sale had been filed in the Succession proceedings, the court authorized Henderson, as admin-istratrix, to sell a certain piece of the Successions’ property, consisting of 0.03 acres, to Karen Perks and Patrick S. Du-gan.[3] It is the recordation of this act of sale which plaintiff alleges constitutes a disturbance in law. Although it is not |4entirely clear from the record, plaintiff appears to be claiming that all or a portion of the land conveyed in this act of sale comprises land which he possesses.
However, we note at the outset that based on the record before us and plain *1204 tiffs testimony at trial, it appears that the property in dispute has already been sold to Karen Perks and Patrick S. Dugan. In view of the fact that plaintiff seeks to have his possession of the immovable at 151 Bigner Road be recognized and maintained and in view of the fact that Harris claims that his possession has been disturbed by the filing of the act of sale conveying the 0.03 acres to Karen Perks and Patrick S. Dugan, it is clear that complete relief cannot be accorded in the absence of Perks and Dugan from this suit. LSA-C.C.P. arts. 641 and 3656. The nonjoinder of a party may be noticed by the appellate court on its own motion. LSA-C.C.P. art. 927. Therefore, we vacate the judgment of the trial court on this ground and remand to allow joinder of Perks and Dugan as parties to this action.
In ordering a remand herein, we note that affirming the judgment of the lower court would not preclude Harris from filing a separate suit against Perks and Dugan. Accordingly, we conclude that a remand and joinder is necessary and appropriate herein as the most efficient procedure for resolving this matter.
CONCLUSION
For the above and foregoing reasons, the April 28, 1998 judgment of the trial court is hereby vacated, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein.
VACATED AND REMANDED WITH INSTRUCTIONS.

. Henderson is plaintiffs first cousin and is the administratrix of the successions of their grandmother, Juanita Hicks, and great-grandmother, Frances Taylor.

. Although not entirely clear from the record, it appears that the house and fenced yard, which plaintiff claims were owned by his mother and which he possesses, are part of a larger tract of land comprising an asset of either the succession of his grandmother, great-grandmother, or both.

. The property authorized to be sold pursuant to the consent judgment is more fully described as:
A CERTAIN PORTION OF LAND, .situated in Section 54, Township 7 South, Range 11 East, Greensburg District, Louisiana, Parish of St. Tammany, described as follows:
From the Northwest comer of Section 38, Township 7 South, Range 11 East, St. Tammany Parish, Louisiana, run South 22 degrees 15 minutes West, 180.7 feet; thence North 68 degrees 45 minutes West, 11,-134.3 feet; thence South 09 degrees 55 minutes West, 804.1 feet, thence South 07 degrees 30 minutes East, 109.1 feet, thence South 31 degrees 15 minutes West, 647.2 feet; thence South 02 degrees 35 minutes East, 268.2 feet to the point of beginning. From the point of beginning, run North 59 degrees 07 minutes 31 seconds West, 44.88 feet to a point; thence North 00 degrees 18 minutes 52 seconds West, 46.60 feet to a point; thence South 59 degrees 07 minutes 31 seconds East, 14.65 feet to a point; thence South 03 degrees 09 minutes 51 seconds East, 6.11 feet to a point; thence South 24 degrees 47 minutes 21 seconds East, 61.71 feet back to the point of beginning. Said tract containing 0.03 acre. All in accordance with the survey of Jeron R. Fitzmorris of Land Surveying, Inc., dated July 9, 1993. The larger portion of the property from which this property is derived is sometimes referred to as "LOT D”.